UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

VICKI H.,                                                    Case No. 3:16-cv-02036-JR

                        Plaintiff,                              FINDINGS &
                                                              RECOMMENDATION
        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                        Defendant.

RUSSO, Magistrate Judge:

        Vicki H.[1] ("plaintiff") moves for an application of attorney's fees pursuant to the Equal

Access to Justice Act ("EAJA"). 28 U.S.C. § 2412 *et. seq.*; see also (doc. 35). Plaintiff's counsel

seek an award of fees and costs in the amount of $16,409.15 for 83.5 hours expended on

plaintiff's underlying successful Social Security disability appeal. Pl.'s Mot. for Fees Pursuant to

the EAJA (doc. 35) ("Pl.'s Mot."). For the reasons that follow, plaintiff's application should be

GRANTED IN PART.

---

[1] In the interest of privacy, this Findings and Recommendation ("F&R") uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this F&R uses the same designation for a non-governmental party's immediate family member(s).

Page 1 – FINDINGS AND RECOMMENDATION

**BACKGROUND**

Plaintiff filed for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act") on December 27, 2013, and on March 25, 2016, an Administrative Law Judge ("ALJ") issued a decision finding plaintiff not disabled. After exhausting her administrative remedies, plaintiff sought judicial review in this Court of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). On July 24, 2017, plaintiff filed a 20-page opening brief arguing the ALJ erred by: (1) rejecting her subjective symptom statements; (2) finding she could perform her past relevant work as it was actually or generally performed; and (3) failing to include all of her limitations, "even as found by the ALJ," in the dispositive hypothetical question posed to the vocational expert ("VE"). See (doc. 17). On October 23, 2017, the Commissioner moved to remand the case back to the ALJ for additional proceedings. (doc. 21). On November 2, 2017, plaintiff filed a 20-page response in opposition of the Commissioner's motion to remand, arguing instead plaintiff was entitled to an immediate payment of benefits. (doc. 22).

On December 4, 2017, this Court issued a Findings and Recommendation ("F&R") reversing and remanding the Commissioner's decision and ordering an immediate payment of benefits beginning December 22, 2014. (doc. 24). Both parties lodged written objections to the F&R. (docs. 26–27). The district judge adopted the F&R and entered judgment on February 6, 2018, reversing and remanding plaintiff's appeal for an immediate payment of benefits. See Vicki H. v. Berryhill, No. 3:16-cv-02036-JR, 2017 WL 7420995 (D. Or. Dec. 4, 2017),[2] report and recommendation adopted, 2018 WL 770164 (D. Or. Feb. 6, 2018) (doc. 32). On May 7,

---

[2] In the interest of privacy, the Court has substituted the last name of plaintiff with her first name and the initial of the last name in the case citation. See *supra* n.1.

Page 2 – FINDINGS AND RECOMMENDATION

2018, plaintiff timely moved the Court for an award of attorney's fees (doc. 35) pursuant to the EAJA. Defendant opposes the award.

## STANDARD OF REVIEW

A party who prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney fees and costs pursuant to the EAJA. 28 U.S.C. § 2412. Under the EAJA, a Court may award attorney's fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if:

> (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions were substantially justified or that special circumstances make an award unjust, and (3) the requested attorney's fees and costs are reasonable.

28 U.S.C. § 2412(d)(1)(A); see also Perez-Arellano v. Smith, 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. Hanrahan v. Hampton, 446 U.S. 754, 758 (1980). A prevailing plaintiff is not entitled to attorney's fees under EAJA when the Commissioner's positions were substantially justified. Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). Substantial justification means "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Thomas v. Berryhill, No. 6:16-cv-2055-JR, 2018 WL 1095554, at *1 (D. Or. Feb. 28, 2018) (citing Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Id. An award of attorney's fees under EAJA must also be reasonable. 28 U.S.C. § 2412(d)(2)(A).

## DISCUSSION

Pursuant to the EAJA, plaintiff moves for $16,409.15 in attorney's fees. The Commissioner concedes plaintiff is the prevailing party, and that plaintiff's hourly rates are

Page 3 – FINDINGS AND RECOMMENDATION

reasonable. The Commissioner also does not contend the position of the United State was substantially justified. See generally, Def.'s Resp. Pl's Mot. Att'y Fees (doc. 37) ("Def.'s Opp'n"). The sole issue before the Court is whether the time expended by plaintiff's counsel on the case is reasonable under the EAJA.

**Reasonableness of Requested Fees**

As noted, an award of attorney's fees pursuant to the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); see also Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012). A district court has an independent duty to review the fee request to determine reasonableness. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008); Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). In deciding fee petitions, a court must determine the reasonable number of hours expended by counsel, and counsel's reasonable hourly rate. Hensley, 461 U.S. at 434. The fee applicant bears the burden of documenting the hours expended and must submit evidence in support of the hours worked. Gates, 987 F.2d at 1397. The opposing party then has the burden of rebuttal which requires submission of evidence to challenge the accuracy and reasonableness of the hours charged. Id. at 1397–98. Where documentation is inadequate, the court may reduce the requested award. Hensley, 461 U.S. at 433–34.

A court may not apply a *de facto* cap on the number of hours for which an attorney can be compensated under EAJA in Social Security disability appeals. Costa, 690 F.3d at 1136. In other words, Social Security appeals must be considered on an individual basis. Id. A critical factor in evaluating the reasonableness of the EAJA request is the "degree of success attained." Id. Although deference should generally be given to the winning lawyer's professional judgment, "a district court can impose a reduction of up to 10 percent − a 'haircut' − based purely on the

Page 4 – FINDINGS AND RECOMMENDATION

exercise of its discretion and without more specific explanation." Costa, 690 F.3d at 1136 (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008)). A specific explanation is required, however, "where the district court . . . cut[s] the number of hours by twenty to twenty-five percent." Id.

Here, plaintiff requests $16,312.81 in attorney fees to compensate for 83 hours expended on the underlying appeal. Specifically, plaintiff requests 15 hours for attorney Tim Wilborn and 68 hours for attorney Ralph Wilborn. Pl.'s Mot. Att'y Fees 4 (doc. 35); Tim Wilborn Decl. at 2 (doc. 36-1).[3] The Commissioner asserts plaintiff's "request for attorney fees in the amount of $16,409.15 in this routine Social Security disability case is unreasonable." Def.'s Opp'n 1–2. Although the Court notes 83 hours is certainly on the high end for Social Security disability appeals in this district, that fact alone is not sufficient to justify reducing the award for at least two reasons.[4] First, as the Ninth Circuit instructed, "the term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." Costa, 690 F.3d at 1134 n.1. In arguing the complexity of this case, plaintiff relies in part on the "voluminous" administrative record, which totaled more than 1,300 pages. Indeed, Costa specifically directed district courts to

---

[3] Plaintiff does not meaningfully respond to the Commissioner's argument that billing for clerical tasks was improper, explaining the "minimal fee at issue in [the Commissioner's] objection does not warrant expanding the resources necessary to research and defend against the objection." As such, the requested compensation above reflects the half-hour concession. The Court notes, however, this Court has found counsel's billing practice for clerical tasks improper in the past. See, e.g., Young v. Comm'r Soc. Sec. Admin., No. 1:15-cv-01688-MA, 2017 WL 740992, at *4 (D. Or. Feb. 24, 2017); Kelly v. Comm'r Soc. Sec. Admin., No. 1:15-cv-00762-MA, 2016 WL 4941996, at *5 (D. Or. Sept. 15, 2016).

[4] See generally, Young, 2017 WL 740992, at *3 ("Without question, the total requested time of 79.7 hours far exceeds that awarded in most social security disability cases before me."); but see Carmickle v. Comm'r Soc. Sec. Admin., No. 3:12-cv-01629-MO, 2016 WL 4357494, at *3 (D. Or. Aug. 11, 2016) (awarding "$13,921.24 in attorney fees for 73.74 hours").

Page 5 – FINDINGS AND RECOMMENDATION

examine "case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained" in assessing whether the time expended was reasonable. Id. at 1136. The Court also finds significant the extensive briefing, which resulted in a "high degree of success" in the form of a remand for an immediate payment of benefits. See Altorfer v. Comissioner, Soc. Sec. Admin., No. 3:14-cv-01933-HZ, 2016 WL 1670936, at *2 (D. Or. Apr. 26, 2016) ("Plaintiff's opening brief and reply were both necessarily of considerable length, considering the various issues in the case."); see also Hill v. Comm'r, Soc. Sec. Admin., No. 07-cv-1041-JE, 2009 WL 1838332, at *3 (D. Or. June 24, 2009) (finding the "material before the court, including the extensive administrative record and lengthy briefing, fully supports plaintiff's assertion that her attorneys reasonably devoted 56.25 hours of work to her case.").

Second, the Commissioner relies on Harden to assert that "a range of 20 to 40 hours is 'a reasonable amount of time to spend on a social security disability case that does not present particular difficulty.'" Harden v. Comm'r Soc. Sec. Admin., 497 F.Supp.2d 1214, 1215–16 (D. Or. 2007). Def.'s Opp'n 2. This reliance however is misplaced because that case was abrogated by the Ninth Circuit's decision in Costa. See Costa, 690 F.3d at 1137 ("[I]t appears that the magistrate judge applied what he perceived to be an informal district-wide rule that forty hours is the upper limit for the number of hours a lawyer can reasonably spend on a social security disability appeal that does not present particular difficulty.") (citation and quotation marks omitted).

The Commissioner also seems to implicitly argue attorneys Ralph Wilborn and Tim Wilborn billed for redundant work. See, e.g., Def.'s Opp'n 3 ("Attorney Ralph Wilborn seeks compensation . . . [for] 24 hours to draft the Opening Brief. Attorney Tim Wilborn requests . . .

Page 6 – FINDINGS AND RECOMMENDATION

1.5 hours to "[a]ssist co-counsel with work on the Opening Brief[.]") (citations omitted). In her reply, plaintiff relies on case law holding multiple lawyers may bill for the same work, so long as the practice is not unreasonable. Brienzo v. Astrue, 2008 WL 1734612, at *2 (E.D. Cal. Apr. 11, 2008) ("There is nothing objectionable to lawyers collaborating on a case and, within reason, each billing for their time."); Johnson v. Univ. Coll. of Univ. of Alabama in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983) ("a reduction is warranted only if the attorneys are *unreasonably* doing the *same* work") (emphasis in original), holding modified by Gaines v. Dougherty Cty. Bd. of Educ., 775 F.2d 1565 (11th Cir. 1985). The Commissioner failed to articulate the manner in which the collaboration of plaintiff's attorneys was unreasonable.

The Commissioner also urges the Court to reduce the request based upon "time records [that] offer limited description for the majority of the tasks." Def.'s Opp'n 3. Essentially, the Commissioner asks the Court to find the plaintiff impermissibly engaged in "block billing." "Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended." Aranda v. Astrue, No. 08-cv-340-MA, 2011 WL 2413996, at *5 (D. Or. June 8, 2011) (citing Role Models America, Inc. v. Brownlee, 353 F.3d 962, 971 (D.C.Cir. 2004)). Plaintiff argues her billing practices satisfy the requisite standard as articulated by the Ninth Circuit:

> Although it is true that the fee applicant bears the burden of submitting evidence supporting the hours worked and rates claimed, the Supreme Court has also stated that plaintiff's counsel is not required to record in great detail how each minute of his time was expended. Instead, plaintiff's counsel can meet his burden – although just barely – by simply listing his hours and identify[ing] the general subject matter of his time expenditures.

Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (citation and quotation marks omitted; bracketing in original). Fischer held the fee application at issue "met this basic

Page 7 – FINDINGS AND RECOMMENDATION

requirement" by providing "a summary of the time spent on a broad category of tasks such as pleadings and pretrial motions (16.5 hours), settlement (4.2 hours), and court appearances (1.5 hours)." Fischer, 214 F.3d at 1121. Plaintiff argues her submissions were "more detailed and informative than the billing method approved" in Fischer. Indeed, here, plaintiff's application contains more detail than the submissions at issue in Fischer. For example, attorney Ralph Wilborn's descriptions of drafting plaintiff's opening and reply briefs contain specific references to different argument sections of both briefs. See, e.g., Tim Wilborn Decl. Ex. 1, at 3 (July 21, 2017: "Research and draft Plaintiff's Opening Brief through rough draft of Arg. A") (November 1, 2017: "Research and draft argument A of Plaintiff's Reply Brief and Opposition to Motion to Remand."); (November 2, 2017: "Research and draft arguments B through E and Conclusion of Plaintiff's Reply Brief and Opposition to Motion to Remand."); see also Altorfer, 2016 WL 1670936, at *2 (finding billing entry phrased "prepare Plaintiff's Opening Brief" sufficient to defeat Commissioner's "block billing" argument; and observing: "In Social Security appeals, because the fact-finding has been conducted at the administrative level, there is a limited range of tasks to be completed when the matter reaches a district court. Those tasks include reviewing the record and conducting legal research, which are part and parcel of drafting opening and reply memoranda.").

Finally, although the Court is unpersuaded by the Commissioner's arguments that a reduction of hours is warranted, the Court has some concerns regarding the reasonableness of plaintiff's fee petition. In a recent EAJA petition submitted to this Court, Judge Simon raised concerns, *inter alia*, about the reasonableness of expending "more than 22 hours to draft a 20-page opening brief" in a Social Security disability appeal. Jones v. Berryhill, No. 6:17-cv-0153-SI, 2018 WL 770175, at *1 (D. Or. Feb. 7, 2018). Based on those concerns, Judge Simon

Page 8 – FINDINGS AND RECOMMENDATION

reduced plaintiff's overall fee request by 10 percent. Id. (explaining where "a district court has concerns regarding the time charged in a fee petition, 'the district court can impose a small reduction, no greater than 10 percent – as [a] 'haircut' – based on its *exercise of discretion and without a more specific explanation.'*") (emphasis added) (quoting Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013); see also Moreno, 534 F.3d at 1112. Similarly here, Attorney Ralph Wilborn spent over 24 hours to draft his opening brief, while Attorney Tim Wilborn provided an additional 1.5 hours of assistance. Accordingly, the Court should reduce plaintiff's fee request by 10 percent.

In sum, the Court should exercise its discretion and find plaintiff is entitled to an award of $14,681.53, which incorporates a 10 percent fee reduction.[5]

## RECOMMENDATION

Pursuant to 28 U.S.C. § 2412 *et. seq.*, plaintiff's application (doc. 35) should be GRANTED IN PART. Plaintiff should be awarded $14,681.53 in fees pursuant to the EAJA. Consistent with Astrue v. Ratliff, 560 U.S. 586 (2010), this EAJA award is subject to any offset allowed under the Treasury Offset Program.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as

---

[5] ($16,312.81 x .10 = $1,631.28 reduction); ($16,312.81 – $1,631.28 reduction = $14,681.53 total award).

Page 9 – FINDINGS AND RECOMMENDATION

a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 29th day of June 2018.

s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge

Page 10 – FINDINGS AND RECOMMENDATION